IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

JOSEPH J. McALEER,                      )
                                        )
          Plaintiff,                    )    TC-MD 170152G
                                        )
     v.                                 )
                                        )
MULTNOMAH COUNTY ASSESSOR,              )
                                        )
          Defendant.                    )    **FINAL DECISION OF DISMISSAL[1]**

This matter came before the court on its own motion to dismiss. Plaintiff failed to appear at two telephone case management conferences. The court issued an order to show cause after each failure to appear, and Plaintiff's secondary representative responded each time. Plaintiff's latest response was filed October 12, 2017. Trial was set for October 19, 2017.

Plaintiff appeared at an initial telephone case management conference on June 1, 2017. At that hearing, Plaintiff spoke out of order and initially refused to stop speaking when directed by the court. Plaintiff eventually brought himself under control, and the parties agreed to a site inspection on August 15, 2017, a follow-up telephone case management conference on August 30, 2017, and a trial on October 19, 2017.

Plaintiff failed to appear for the August case management conference. In response to the court's first Order to Show Cause, Plaintiff's secondary representative stated that her knee had been injured in an accident. She stated that she had previously called Defendant to cancel the August 15 site inspection, and had assumed that the hearing before the court would similarly be canceled. She acknowledged that was a misunderstanding on her part, and she apologized. She

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered October 16, 2017. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

did not make any request of the court, but addressed court staff as follows: "Thank you for your attention to correcting the Order to Show Cause issued on the 31st of August and signed by [the court]." Considering the circumstances of this case, the court did not dismiss at that time, but instead reset the case management conference for September 28, 2017.

Plaintiff then failed to appear for the September case management conference. The court's Second Order to Show Cause stated that the court would dismiss this case unless Plaintiff showed exceptional circumstances that caused him to miss the September hearing. In response, Plaintiff's secondary representative once again stated that her knee had been injured in an accident. She stated that the accident had occurred on August 1, 2017, and that she was currently undergoing therapy three days per week. She enclosed a copy of her previous response to the court and a copy of a medical record. She concluded by asking the court to "accept this notice and supporting documents as the extenuating circumstances requesting the extension and our inability to be at the trial on Oct. 19 2017."

The issue that was not addressed in Plaintiff's response was why he failed to call in to the September telephone proceeding. Nothing suggests that knee injuries suffered two months before had prevented Plaintiff's secondary representative from dialing in to a telephone proceeding. Nothing suggests any reason why Plaintiff himself did not dial in to the telephone proceeding, for he remains his own primary representative.

Where parties refuse or neglect to comply with a statement directing them to perform a specific act, this court may dismiss their case. TCR–MD 21.[2] The court's hearing notice directed Plaintiff to call in to the September telephone proceeding and stated his case could be dismissed if he did not appear. After Plaintiff did not appear, the court's Second Order to Show

---

[2] Tax Court Rules–Magistrate Division (TCR–MD)

Cause instructed Plaintiff that his case would be dismissed unless he showed exceptional circumstances that had caused him to miss the hearing. Plaintiff's response did not show circumstances that prevented appearance at a telephone hearing.

Plaintiff has not shown that he had good cause for missing the September telephone hearing. It is impossible for the court to conduct the proceedings necessary to determine the merits of Plaintiff's claim if he is unwilling to comply with the court's directions. In addition, a request to reset trial received seven days before trial—and three days after the final exhibit exchange deadline—can only be granted in cases of true emergency. *See* TCR–MD 8 B(3). Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's Complaint is dismissed. The trial set for October 19, 2017, is canceled and will not be reset.

Dated this ____ day of November, 2017.


_____
POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Lundgren and entered on November 2, 2017*